IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA HERNANDEZ, Individually and as the Personal Representative of the Estate of Juan Serna, Deceased, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | Civil Action No. 3:15-CV-0600-D |
| CONTINENTAL AMERICAN CORPORATION d/b/a PIONEER BALLOON COMPANY, | | |
| Defendant. | | |

MEMORANDUM OPINION
AND ORDER

This is a removed action in which plaintiff Maria Hernandez ("Hernandez"), individually and as the personal representative of the Estate of Juan Serna ("Serna"), Deceased, sues defendant Continental American Corporation d/b/a Pioneer Balloon Company ("Continental"), alleging that Serna was injured during the course of his employment with Continental. Continental has filed a motion and amended motion to compel arbitration and a motion to modify the scheduling order. Hernandez opposes both motions and moves to modify the scheduling order on other grounds. For the reasons explained, the court denies Continental's motion and amended motion to compel arbitration and motion to modify scheduling order, and grants Hernandez's motion to modify scheduling order.

I

Serna filed this lawsuit in state court on December 18, 2014 against Continental, alleging claims for negligence, negligence *per se*, and/or gross negligence related to a back injury he incurred while handling heavy molds. Continental answered on February 3, 2015 and timely removed the case to this court based on diversity of citizenship.

Serna died on June 1, 2015, and Hernandez was substituted as the plaintiff over one year later, on July 7, 2016. Thereafter, the parties jointly filed a motion to continue the trial. In granting the motion, the court cited N.D. Tex. Civ. R. 40.1 and reminded the parties that "the granting of a motion for continuance will not extend or revive any deadline that has already expired in a case." Oct. 26, 2016 Order at 1 (citing Rule 40.1). On February 17, 2017, over two years after the lawsuit was filed, Continental filed the instant motion to compel arbitration. Hernandez objects to this motion for a variety of reasons, including on the grounds that Continental waived its right to arbitrate, the motion was more than nine months late, and Continental failed to move to modify the scheduling order. Continental now moves to modify the scheduling order in addition to moving to compel arbitration. Hernandez opposes the motions and moves on separate grounds to modify the scheduling order to permit further discovery.

II

The court turns first to Continental's motion to modify the scheduling order. Because the motion to compel arbitration was filed after the applicable deadline in the scheduling order, if the scheduling order is not modified, Continental's motion should be denied on that

basis alone.

Fed. R. Civ. P. 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.*

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "Mere inadvertence on the part of the movant, and the absence of prejudice to the non-movant, are insufficient to establish 'good cause.'" *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite its diligence, it could not reasonably have met the scheduling deadline. *See S & W Enters.*, 315 F.3d at 535; *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.) (citing 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters.*, 315 F.3d at 535).

"In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S & W Enters.*, 315 F.3d at 536). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III

A

Continental has not briefed the good cause factors in its motion, but the grounds on which it relies enable the court to apply the pertinent four-factor test.[1] Continental contends that "[o]nce Plaintiff Juan Serna passed away in June 2015 . . . [t]here was no Plaintiff to

---

[1] "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel,* 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1) (addressing motions for leave to amend). But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear. *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."); *Cartier*, 2009 WL 614820, at *2 ("Cartier does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear."). Accordingly, because the grounds on which Continental relies enable the court to apply the pertinent four-factor test, the court will consider on the present briefing whether Continental has met the good cause standard of Rule 16(b)(4) to amend the scheduling order.

depose and no other party on which to serve with Motions." D. Br. 3. It maintains that, due to the length of time between Serna's death and Hernandez's substitution as plaintiff in July 2016, "every single deadline in the Court's Scheduling Order had expired through no fault on the part of [Continental]." *Id.* Continental posits that, "[b]ecause there was no Plaintiff until July 2016, there was nothing that [Continental] could have done in order to meet the scheduling order deadlines." *Id.* It maintains that this delay requires the court to modify the scheduling order so that "the parties can conduct discovery and file pertinent motions as they see fit in advance of trial." *Id.*

B

Hernandez's response to Continental's motion also fails to address the four-part test, but she asserts that there are "two glaring omissions" from the motion. First, she posits that the "impetus for seeking to modify the Scheduling Order in this case was Plaintiff's Response to its Motion to Compel Arbitration . . . which pointed out that Defendant's deadline to file that motion was April 1, 2016." P. Br. 1. Second, Hernandez contends that Continental failed without explanation to disclose the arbitration agreement until December 28, 2016, and, due to this delay, Continental has waived arbitration. *Id.*

C

The court turns to the factors to determine whether Continental has established good cause to modify the scheduling order.

1

The first factor is Continental's explanation. Continental offers no explanation for the

delay of several months that preceded Serna's death. On February 3, 2015 Continental filed its answer in state court, alleging that the "claim asserted in the Petition against Defendant is within the scope of the Dispute Resolution Agreement entered between Plaintiff and Defendant requiring that such claim is subject to final and binding arbitration." Ans. 3. Continental therefore had knowledge of the agreement and could have filed the motion to compel before Serna died. Moreover, the parties filed a joint status report on May 2, 2016—one month after the scheduling order catch-all deadline for unspecified motions—in which the parties advised the court that there were no "pending *or contemplated motions*" at that time. Jt. Status Report 2 (emphasis added).

Nor has Continental set forth an explanation for the seven-month delay between the date Hernandez was substituted as plaintiff (July 7, 2016) and the date Continental file the motion to compel arbitration (February 17, 2017). Although Continental explains why it did not act between the date of Serna's death (June 1, 2015) and the date Hernandez was substituted as plaintiff (July 7, 2016), it has not provided an explanation for almost five months between when suit was filed and Serna died, and over seven months between when Hernandez became the plaintiff and filed its motion to compel.

2

Second, Continental seems to assert that it is important to modify the scheduling order to give sufficient time for discovery and unspecified "pertinent motions" prior to trial, D. Br. 3, but it does not explicitly address why it is important for Continental to be able to file a motion to compel arbitration. The court finds that Continental has not shown the importance

- 6 -

of extending the filing deadline to permit such a motion.

3

Third, because neither party addresses the issue of prejudice, the court finds that this factor is neutral. And because the fourth factor addresses the availability of a continuance to cure such prejudice, and no prejudice has been shown, this factor is neutral as well.

4

Having considered the four factors holistically, the court finds that Continental has failed to demonstrate good cause to modify the scheduling order.

As noted above, the good cause standard requires that the movant show that the deadline could not have reasonably been met despite the moving party's diligence. But Continental has failed to demonstrate that it acted with diligence during most of the two-year period in question. Setting aside the interval between when Serna died (June 1, 2015) and Hernandez was substituted as plaintiff (July 7, 2016), Continental has failed to demonstrate that it acted diligently when it neither moved to compel arbitration before Serna's death or waited over seven months after Hernandez was substituted as plaintiff to file the motion. Without a showing of diligence, Continental cannot meet the good cause standard. Additionally, Continental has failed to demonstrate that amending the scheduling order is important.

Accordingly, the court denies Continental's motion to modify the scheduling order. The court also denies Continental's motion to compel arbitration because, pursuant to the

March 31, 2015 scheduling order, the motion is untimely.[2]

IV

The court now turns to Hernandez's motion to modify the scheduling order.

A

As explained above, Hernandez must show good cause; that is, that despite her diligence, she could not reasonably have met the scheduling order's deadlines. *See Cartier*, 2009 WL 614820, at *2. Although Hernandez, like Continental, fails to explicitly address the factors set forth in *S & W Enterprises*, the court finds that the grounds on which she relies are sufficient to apply these factors.

Hernandez asserts that because "little discovery has been completed in this case due to Mr. Serna's death on June 1, 2015," the scheduling order should be modified. P. Br. 3. Only two months elapsed between the date the court filed the scheduling order and the date Serna died. The parties therefore lacked sufficient time to conduct discovery and file the usual pretrial motions, such as motions for summary judgment. There is no lack of diligence on Hernandez's (or Continental's) part under such circumstances. Without such an extension, the parties will likely be deprived of a reasonable opportunity to conduct pretrial discovery, meaning that the modification is important for trial. Because both parties have requested extensions, there is hardly any prejudice to Continental that needs to be cured. For

---

[2]While there is a presumption in favor of arbitration, this presumption does not override the parties' obligation to comply with the scheduling orders of this court. *See* Rule 16(b)(4).

these reasons, the court concludes that Hernandez has established good cause, and her motion to modify the scheduling order is granted.[3]

B

Because many of the proposed deadlines have already expired, the court directs the parties to confer and submit a proposed amended scheduling order within 21 days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons explained, Continental's motion and amended motion to compel arbitration and motion to modify scheduling order are denied, and Hernandez's motion to modify scheduling order is granted.

**SO ORDERED**.

June 15, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]Hernandez requests that the court rule first on Continental's motion to compel arbitration, presumably so that Continental will be foreclosed from filing a timely motion to compel arbitration under the applicable deadline in the amended scheduling order. Because Continental has failed to establish good cause for its request, however, the court will reset the catch-all motion deadline for all motions *other than motions to compel arbitration*. Continental is therefore precluded from filing such a motion after the scheduling order is amended.