IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARIA HERNANDEZ, Individually §
and as the Personal Representative §
of the Estate of Juan Serna, Deceased, §
 §
Plaintiff, §
 §
VS. § Civil Action No. 3:15-CV-0600-D
 §
CONTINENTAL AMERICAN §
CORPORATION d/b/a PIONEER §
BALLOON COMPANY, §
 §
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Maria Hernandez ("Hernandez"), individually and as the personal representative of the Estate of Juan Serna ("Serna"), Deceased, sues defendant Continental American Corporation d/b/a Pioneer Balloon Company ("Continental") to recover on theories of negligence, negligence *per se*, and gross negligence, or, alternatively, premises liability for personal injuries that Serna sustained while handling heavy molds used in manufacturing balloons.[1] Continental filed a motion for summary judgment on December 22, 2017, but Hernandez has not responded to the motion.[2] For the reasons that follow, the

---

[1]Serna later died, and his wife, Hernandez, was substituted as the plaintiff.

[2]Hernandez's response was due January 12, 2018. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

court grants the motion and dismisses this action with prejudice by judgment filed today.[3]

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

Continental has pointed in its motion to the absence of evidence to support each of Hernandez's claims. *See* D. Br. 1, 2, 6, and 7. The burden has therefore shifted to Hernandez to present evidence that creates a genuine issue of material fact. Hernandez has not responded to Continental's motion. Although her failure to respond does not permit the

---

[3]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because Continental has pointed to the absence of evidence to support Hernandez's claims and Hernandez has not produced evidence in response to the motion, Continental is entitled to summary judgment dismissing Hernandez's action with prejudice.

\* \* \*

Accordingly, Continental's December 22, 2017 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

January 22, 2018.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE